Case number 18-3874, Dennis Gallivan v. USA. Oral argument not to exceed 15 minutes per side. And when ready, Mr. Marks for the appellant. Good morning, your honor. May I reserve three minutes for rebuttal, please? Yes. Thank you, your honor, and may it please the court. This appeal concerns the interaction between the Federal Tort Claims Act and Ohio Rule of Civil Procedure 10-D-2. That rule requires the plaintiff in a medical malpractice action to file with a complaint an affidavit from an expert witness attesting to the plaintiff's ability to prove the elements of a medical malpractice claim. The district court determined that the Ohio rule applied in actions under the FTCA because the rule was substantive in nature. But that reasoning skips over a crucial step in the analysis and is wrong even on its own terms. In particular, the district court failed to ask whether application of the Ohio rule would conflict with any of the Federal Rules of Civil Procedure. What about the Hahn case in the Seventh Circuit that dealt with an affidavit of merit requirement and asked a different question? It looked at Walker and asked about coexistence and aimed for coexistence. Is that case wrong, or what do you make of that case? We think that case is distinguishable on the grounds that the court there both looked to the Illinois law in question, and the Illinois courts there had said that the affidavit of merit requirement, the affidavit of merit itself, was not actually part of the complaint and did not relate specifically to pleading. Whereas here, the Ohio Supreme Court has specifically stated that the affidavit of merit requirement imposes a heightened plea. Explain to me why that's significant. Because if it's a procedural rule in Illinois, and under your analysis, the Federal Rules don't require an affidavit. Attaching it to the complaint, so it's not part of the complaint, but you have to attach it in essence. We know that under Federal Rules, anything attached to the complaint becomes part of the complaint itself. I'm not sure. I follow your argument there. Maybe explain to me why that's a meaningful distinction. Yes, Your Honor. So I think the initial answer is that state courts are responsible, specifically state Supreme Courts, for construing the effect of their own laws. And so we think the way that a state Supreme Court here, the Ohio Supreme Court, has construed the Ohio rule is at least relevant for helping to frame the question in dispute. Sure, and I agree with that. But in Illinois, right, in the Seventh Circuit, they point out, and they're quoting the Illinois Supreme Court. They say Section 2-622 is a pleading requirement designed to reduce frivolous lawsuits. So to me, why shouldn't I accept the Illinois Supreme Court at their word? It's a pleading requirement. The Seventh Circuit says it's a pleading requirement. How is it any different than what's going on here? Well, Your Honor, we think to the extent you don't find those distinctions meaningful, we would submit that the Hahn v. Walsh case is incorrect. And we would submit that. Why? Well, the first initial reason is that the court relied heavily on the purposes of the federal rules at issue and the state law. And we think there are a couple of problems with that. As the Supreme Court noted in Shady Grove at pages 404 to 405 of that opinion, and that's where Justice Scalia was writing for a majority of the court, the court said it doesn't make sense to decide whether a federal rule governs an issue by looking to the purpose of state law for a couple of reasons. First, you have the oddity that one state law could apply in an action in federal court, whereas an identically worded statute would not apply in an action in federal court merely because the state purposes are different. There's also the concern that it can be quite difficult to discover state purpose, especially if you have to look to state legislative history. If the state law is substantive and there's a conflict, what do we do? Do we just, at that point, do we go to Justice Stevens' analysis and just say we apply the state law and we have to ignore the federal rule? No, Your Honor. That's not correct. And let me explain why. First, it's important to make a distinction between exactly what we're using the terms substantive and procedural for. Those terms can obviously have different meanings and have meanings in the ERI context for purposes of the FTCA and then ultimately for the Rules Enabling Act. So I think what you're saying, if I understand your question, is don't we have to determine or what happens if we determine that a state law is substantive for purposes of Section 1346B of the FTCA such that it would be incorporated into state law? What do we do in the event of a conflict there? And our primary submission is that the court does not need to even ask whether the state law at issue here is one of the types of laws incorporated in 1346 because the FTCA does not contain a clear statement showing that Congress wanted to displace any of the federal rules either in toto or as applied in a particular case. And for that proposition, we would point the court both to the text of the statute, the context, and the history. And so to go to the text of the statute first, if you just look to the text of 1346 if it was a substantive law, not a substantive outcome like ERI, but a substantive law, you agree, I hate to use the word coexist because I'm not using coexist with Walker, but if you had your federal procedural requirements and then in essence, it was an element of the offense, you agree they both would apply? Yes, Your Honor, that's correct. If it was an element of the offense, then I think we would. Okay, so now I think to get back to Judge Nalbandian's question, if that somehow, if the substantive, there's no way for the substantive law to conflict with a procedural requirement, right? Is that, I mean, in essence, would that, is there any way you could imagine that? I think that would be, I think that could be a difficult proposition, but I think here. The Ohio statute said a medical claim is hereby defined as, you know, failing a standard of care, resulting in damage, and where an expert has previously reviewed the case and said, you know, it was meritorious, all in the statute. And you are hereby required to set these elements out in your complaint, just like you would any elements of any claim. Your Honor, I think that would be a different case, but I don't think there's any way you can construe the Ohio rule in that way. And I would give four reasons why. I ask, though, that case would answer, would be fine, right? Because then they would be defining substantive law, but you would use the federal rules to plead it, and you would just have to plead under Iqbal Twombly or whatever you'd have to plead under, that there was sufficient facts to meet each of the elements. I think that's correct, Your Honor. But again, I think that this case is really distinguishable from that instance because of what Ohio law says about Ohio Rule 10d-2. And so I would initially note that in Ohio Rule 10d-2d, the advisory committee in Ohio specifically said that the affidavit of merit only goes to the adequacy of the complaint and, importantly, cannot be used for any other purpose, which means that you couldn't use the affidavit itself to prove its subsequent steps in the case, say, at summary judgment or at trial, that you had actually filed the affidavit. We also know from the pattern jury instructions for medical negligence, and this is Chapter 417 of the Ohio pattern jury instructions, that there's no jury instruction on the issue of whether an affidavit was required. What about Fletcher that said it's part of the prima facie case at one point? So I think there are a couple ways you can understand the term prima facie case. I think the way Fletcher was using it is to say there is a certain set of things that you need to put in your complaint, in order to survive dismissal at the pleading stage and go into discovery. But I don't think that means what the government is saying it means, which is that it's part of the initial burden of production that the plaintiff must prove, say, to avoid a motion for summary judgment or ultimately to avoid a Rule 50 motion at trial. And so I think it's not inconsistent to read Fletcher's prima facie case language as comporting with our position.  However, you would run into the problem of the Ohio Supreme Court having effectively violated its own state constitution. Because under Article 4, Section 5B of the Ohio Constitution, the Supreme Court cannot promulgate rules that change or modify the substantive law. The language there is essentially identical to the Rules Enabling Act. Now, to get back to your question about coexistence, I think it's important to understand exactly what the court is doing when it's doing this coexistence framework in the Rules Enabling Act context. And so I would point the court specifically to footnote 7 of Justice Scalia's opinion. And that is also a part of the opinion in Shady Grove that was joined by a majority of the justices. And what the court said there is that we do construe rules to be harmonious with and not displace state law. But we only do it when the language at issue is ambiguous. We don't actually go into the initial analysis and start trying to figure out how to twist the language of the rule in order to comport with state law. And so our primary submission would be that the language of the federal rules here, and in particular how the Supreme Court has interpreted them, answers the question in dispute directly. I'm not sure that Shady Grove applies, though. I mean, this is a different statute. This is a different context. I mean, you talked about the language of 1346. Does the language help you? I mean, it says it's pretty broad, right? You can't be liable. You would be liable in accordance with state law or whatever. And surely a private party where an affidavit isn't of merit isn't attached to a complaint. It wouldn't be in accordance with state law to be liable in that situation, right? I mean, just the strict terms of the statute. Your Honor, I think your question assumes that the statute says not state law, but says state court. And I don't think that's what the statute says. When you look to both the language of 1346B, when you look to the legislative history and to the Supreme Court's cases interpreting Section 1346B, there's no indication that Congress was considering the relevant comparator between a private party and the government to be what would happen in state court. What they seem to be doing, and I would point the Court to cases that would be liable to the claimant in accordance with the law of the place where the act or omission occurred. So you're right. It doesn't say state court. But I would say that if I go over to Hamilton County Common Pleas Court or I'm here and I'm looking at the state law, how am I liable in accordance with the law of Ohio if I don't have an affidavit of merit attached to the complaint? Sure, Your Honor. So our point would be, and I think the government essentially agrees with this, that the like circumstances language under Section 1346B is really only talking about state substantive law. And so I would point the Court to cases like Indian Towing v. United States. They agree because they cite this Richards case for the proposition that it's, what is it, the whole law. And I thought what they were arguing there is if in any situation like Judge Nalbandian just gave, you could reach a different outcome, then it's a problem under Richards. So what do you make of Richards in light of Judge Nalbandian's question? Sure. Well, we don't think Richards is particularly on point. The Richards decision essentially said the FTCA does not speak directly to the question of whose choice of law issues apply. And so what we're going to do is look to the whole statute. And we think that the best outcome would be to have the choice of law rules of the state whose substantive law we would otherwise be borrowing. And we would have those choice of law rules apply. But I would note specifically at Note 25 of the Richards opinion, the Supreme Court was noting that under that choice of law regime, there could actually be a difference in outcome between a suit against a private party and the government. And what it was focusing on is the federal venue statutes. And it was using as a comparator what would happen in an action in federal court against a private party. And so we think that's just further evidence that the analysis of whether you look to state law is actually the right approach. What we think that Congress meant when using the like circuit, I see my time is out, Your Honor. May I finish the question? Briefly. Yes. What we think Congress meant is simply that law that applied to private parties as opposed to the United States specifically or to the federal or local governments, that's what's incorporated. Not that there's a comparison between state and federal court. Thank you. Thank you. Good morning. Good morning, Your Honors. And may it please the court. Saroochi Asher for the defendant, United States. Your Honors, the FTCA's waiver of sovereign immunity that is contained both in 28 U.S.C. 1346B and in Section 2674 waives the United States' sovereign immunity for tort claims only under the circumstances where the private person would be liable for tort. In accordance with the law of the place where the act of remission occurred and under the same circumstances in the same manner and to the same extent as a private individual under like circumstances. For these reasons, the Federal Tort Claims Act anticipates and expressly incorporates the state law of the place where the act of remission occurs the same way as it would if it was a private person sued in state court. Not only is the shady... What about your friend's point that it doesn't actually say state court? So that's the rub, right? If you're in Hamilton County Common Police Court, you better have an affidavit of merit. But that's because Rule 10 requires it. If I'm in federal court applying Ohio law, I mean, that's the issue, right? The statute doesn't really answer that question, does it? Well, the Richards case would answer that question, Your Honor. The United States would contend that the Richards case not only is on point, it is more on point than the Shady Grove analysis because it actually construes the statute in question in this case, the Federal Tort Claims Act statutes. Certainly, 1346 was the law or place where the act of remission occurred. The whole law, as you understand it, means all of the state's law? Like everything? Well, in Richards, Your Honor, the Supreme Court articulated a bit that whole law of the state means the internal law of the state. But I understood that to mean the internal substantive law of the state. And many courts have. But when you're looking at substantive law, you're also looking at the Federal Tort Claims Act itself, which looks at the tort law of the state. And here, Rule 10d2 is part of the medical malpractice law in the state of Ohio. As your friend's brief points out, is he incorrect when he says this was passed once or twice by the legislature and the Supreme Court kept striking it down and saying it can't do that, it has to be procedural? And is he incorrect when he says the Supreme Court, through procedural rules, can't impact substantive law or substantive rights? Your Honor, I would argue he's incorrect on both points. So first, while the Ohio legislature has attempted to pass 10d2, as it looks now, once in the past, not twice in the past. I might have missed that. That's okay. The Supreme Court struck it down in American Academy of Trial Lawyers v. Sheward, certainly on the basis of the Constitution, but their primary concern in that opinion is a separation of powers issue. Right, that's because they're saying it's procedural rather than substantive, right? But also in the sense that procedural means that this mechanism needs to be legislated by the courts, not legislated by the legislature. Courts don't legislate, right? They pass rules for how things are done in courts. I apologize, Your Honor, I misspoke. It has to be imposed by the courts. However, that does not necessarily make it a procedural rule and not a substantive rule for the purposes of the Federal Tort Claims Act. It was passed at the request of the legislature, a request that was contained in a piece of legislation that also modified tort law. So could the Supreme Court say, of Ohio, say negligence is typically whatever, duty breach, causation damage, we're going to get rid of causation? If that is the tort law in the state of Ohio, then in theory, yes. The Ohio Supreme Court could pass a rule that gets rid of causation? Wouldn't that be a separation of powers problem in Ohio as the Ohio Supreme Court defined it in the very case you're talking about? That may be the case, Your Honor, but that would not be the case here. And then what about Fletcher, which just says this is a heightened pleading requirement? Fletcher not only says that this is a heightened pleading requirement, but Fletcher says that the affidavit of merit, which must accompany the complaint, which is distinct from the written instrument described in Rule 10d1, which says attached to the complaint. In Fletcher, the court also anticipates that it goes to the validity of a medical malpractice claim, which is different than merely just being a heightened pleading requirement to the extent that it conflicts with Federal Rule 8. But the rule says that when you dismiss, it's a dismissal that's not on the merits, right? It says specifically a dismissal for lack of the affidavit of merit is not a merits dismissal. So it's just procedural, right? Which would be consistent with the idea that if I fail Rule 9, without prejudice, I just replead, right? Typically? Your Honor, I respectfully disagree. So Ohio, when a dismissal is without prejudice in the state of Ohio, it's a dismissal that can be repread and brought another way. For example, dismissals for lack of jurisdiction may occasionally be without prejudice. This is a different analysis than whether a particular requirement is substantive parts of the state tort law than whether it's merely a procedural mechanism which doesn't impact state tort law in any way. I'm just saying that you're saying it's substantive, and I'm saying the fact that the dismissal is deemed to be not on the merits suggests that it's not substantive. Am I wrong? That's not good evidence for you, right, of whether it's substantive? I'm not saying it solves the question. I'm just saying if I'm lining up whether it's substantive or whether it's not, that one's not in your column, right? Well, Your Honor, certainly my colleague would argue that. However, the question of whether a dismissal is on or not on the merits is a different question entirely than whether a requirement is substantive or procedural for the purposes of is it part of Ohio tort law. And here we're looking at a requirement that only applies to medical malpractice or chiropractic claims. We're looking at something that appears to be part and parcel with the tort law of Ohio. But it's not, as your friend points out, it's not in the pattern instructions. There's nothing about the affidavit. Once you get past the pleading requirement, you don't have to show up at trial with an affidavit. I mean, there's nothing about the affidavit that goes to ultimately proving the tort claim. The tort claim, Your Honor, cannot exist in the first place. It cannot be brought in court in the first place without being able to show that you've consulted with an expert who finds that there was a breach of standard of care. You're saying you can't plead a negligence claim without alleging a breach. I mean, to me, that's just a pleading requirement. Like, okay, it can't exist without pleading certain facts or providing certain evidence. Like in a fraud case, you have to provide certain evidence. Why is that any different? Well, this is slightly different because in the state of Ohio, medical malpractice must be proved by expert evidence. That's a requirement in Ohio that doesn't exist necessarily in other states. This is the Ohio Rule 10.2. But I agree with that, but that's the substance of the evidence. And what you're talking about with a pleading or an affidavit, I'm sorry, is you're talking about the form. And so the way I think about those is, and maybe I'm wrong, but I think about it as, okay, you could have to prove an element in a certain way in Ohio, but that doesn't change the federal pleading requirements. In other words, what you're asking is that we change the federal pleading requirements to add an affidavit requirement. And that seems to me what this is getting at, which is why I think Shady Grove applies. Your Honor, I would respectfully disagree. Ohio Rule 10.2, the affidavit requirement, is an extension of the Ohio common law and now codified law that medical malpractice must be proved through the expert testimony. The affidavit requirement merely says that in order for you to have a viable claim in the first instance, you need to have consulted with that expert, and that expert needs to be able to swear to the fact that the standard of care in this case has been breached. And that can be filed contemporaneously with the complaint, at some time after the complaint, under the provisions of the rule, and it need not necessarily be attached to the complaint. Counsel, if we accept your argument, wouldn't that mean that the federal courts could potentially have different pleading requirements throughout the United States in every state that had different pleading requirements? In other words, it would eviscerate the uniformity of the federal rules and we'd have to have different pleading requirements on a state-by-state basis with all the obvious problems that would come with that. Wouldn't that be a problem? Your Honor, that would be a problem, but respectfully, I disagree with your characterization of this portion of Ohio tort law as a pleading requirement. So here we're only talking about the FTCA, Sections 1346 and 2674, which the Supreme Court and circuit courts around the country have construed to mean the tort law of the state where the act or omission occurred. So we're not talking about different pleading requirements. The Federal Tort Claims Act anticipates that a tort claim is going to look a little bit different in Ohio versus Texas versus Illinois. That is anticipated. Are you saying if we're not talking about pleading requirements, he didn't have to attach an affidavit? No, Your Honor. We're saying that he does have to produce an affidavit and file it with the court because he's alleging a medical malpractice claim under the law of Ohio and the Federal Tort Claims Act. So it would produce, to answer Judge Clay's question, it would produce different pleadings, in essence, with their attachments in different states? Only to the extent that the FTCA anticipates this possibility, which it does by incorporating the state law of the place where the act or omission occurred. I'm sorry to interrupt you. What if we don't buy your argument that this is part of the tort law? Do you lose? Arguably, Your Honor. Yes, the United States would. Certainly. Do you have a case that applied Richards in the way you're asking us to apply it? I can certainly provide additional briefing on that, but I think if you look at the reported circuit cases that do look at affidavits of merit, in the context of the FTCA, not in the context of diversity, none of them apply the Shady Grove analysis. Do any of them cite Richards? I do not have that information in front of me, Your Honor. No, that's fine. But I'm happy to provide it. Notably, in those cases, they construe statutes that are mechanically the same as Ohio's affidavit of merit requirement in that they require an affidavit by an expert averting that the standard of care has been breached. But isn't it a difference, for example, in Pennsylvania or New Jersey or Texas or some of these states where you have to file an affidavit of merit, but it doesn't have to be filed with the complaint? And I don't know what their state Supreme Courts have said, but the Ohio Supreme Court says this is a heightened pleading requirement. I mean, when you start looking at what Ohio has said, you have to file it contemporaneously. It's a heightened pleading requirement akin to Rule 9. That's a different case than in Pennsylvania where I get 120 days to put this affidavit in, right? Your Honor, in Pennsylvania, the affidavit of merit requirement contained in a civil rule, like Ohio, does allow you 120 days, but also the rule is more similar to Ohio than one would originally think. So the Ohio statute does allow for a plaintiff to have extra time to file an affidavit of merit. And again, it says accompanying the complaint, so it doesn't necessarily have to be attached. This is similar to the Tennessee statute, which again uses the word accompanying the complaint, which this court has in the past applied to FTCA cases and found that it is a requirement that is applicable in these cases. The Tennessee requirement is in their statutes, not in their court rules, right? Yes, Your Honor. Has the state Supreme Court ever said this is a heightened pleading requirement? I'm unaware of that, Your Honor, but mechanically the statute is the same. It has the same operative effect as the Ohio statute in that it requires an affidavit to be filed accompanying the complaint. So that means at the time of the complaint, unless the plaintiff asks for extra time. Similarly, the Indiana statute has been found to be substantive and to apply to FTCA cases, and that similarly requires that the statute be filed with the complaint. Your Honors, I see my time as drawing to a close. In conclusion, I would just like to say that the FTCA in 1346B and in 2674 specifically requires that the law of the state where the tort arose, or where the act or omission occurred, be applicable to cases under the FTCA. Shady Grove simply does not speak to that situation. Shady Grove talks about a case where you're comparing a federal rule and a state rule. Here we have a federal statute dictating that state law apply and have the force of federal law versus a federal rule. For those reasons, I would ask that the district court's opinion be affirmed. Thank you. Thank you. Any rebuttal? Thank you. Thank you, Your Honor. I'd like to make three quick points. First, with respect to the comparison between Shady Grove and this case, which Judge Nalbandian, you raised at the end of my time during my opening argument, I would say that it's not the right way to think about Shady Grove as an eerie case. An eerie case is a case where you're performing the substance versus procedure analysis under the rules of Decision Act. And I would also note, contrary to my friend's suggestion, that in the eerie context, there is also a federal statute that is requiring the application of state law, and that's the rules of Decision Act. In any event, I think the analysis here, the appropriate way to think about this, is under the standard rules of comparing what to do when you have a federal rule and a federal statute that potentially conflict. And what this Court and others have said is that we do not presume that Congress intended to displace the civil rules without a clear statement to that effect. And I think when you look to the context, the text, and the history of the FTCA, there's simply no clear statement that Congress was thinking about displacing the federal rules. That's especially true because in the original version of the Act, as we noted in our supplemental brief, Congress said that it expressly wanted the federal rules to apply. What do we make of that? So I would say a couple of things, Your Honor. First of all, we know from the Supreme Court's decision in United States v. Yellow Cab and in subsequent decisions that we don't actually assume Congress intended to make a substantive change when it recodified Title 28. And so we presume that the laws simply act as they normally do. Why did it disappear? Well, as the Supreme Court noted in a footnote, Congress believed that it was unnecessary to include. Now, the legislative... A footnote citing a Senate report. Yeah. I would note one inference that I think you can certainly draw is that at least the original Congress enacting this, it would have understood that its specific reference to the federal rules would presumably govern over the general incorporation of state law. And the last thing I would note is that I would note that the language that Congress used to incorporate the federal rules is specifically drawn from the original version of the Rules Enabling Act, showing that they were intending those rules to apply in all cases. Can I ask you one question? Yes. Do you have any FTCA cases applying Shady Grove? There are at the district court level, Your Honor. I would point the court to Judge Leoie's opinion in Larka v. United States. But on the court of appeals level, no, I do not have any authority. But I would also note that the authority that the government cites in this context, none of those cases involve a situation where the appellant actually, and most of them argued but in one case properly raised, the question of whether the state law applied in an action under the FTCA. Rather, they raised different arguments as to why that statute didn't apply to their specific circumstances. So I don't think you can take those cases to mean much, given that this court has called for supplemental briefing on those specific issues. We would ask that the district court's judgment be vacated and the case remanded for further proceedings. Thank you very much, and the case is submitted. Let me call the next case.